UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

25cr251 JWB/SGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>(1) LARRY MCGEE,<br>   a.k.a. "Sip,"<br>   a.k.a. "Big Sip,"<br>(2) DANIELLE ROBBERSTAD,<br>   a.k.a. "Eastside Girl,"<br>(3) MAURICE MONTGOMERY,<br>   a.k.a. "Fish,"<br>(4) DAMEON COLLINS,<br>   a.k.a. "OT,"<br>(5) MARCUS LUCIOUS,<br>   a.k.a. "Unc,"<br>(6) ROMELL VANN,<br>   a.k.a. "No-Kap,"<br>(7) BOBBY NOLAN,<br>   a.k.a. "Fresh,"<br>(8) MARCUS HEARD,<br>   a.k.a. "Greedy,"<br>(9) JEREMY LUCIOUS,<br>   a.k.a. "Peanut,"<br><br>Defendants. | CASE NO.<br><br>**UNDER SEAL**<br><br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 922(a)(8)<br>18 U.S.C. § 924(c)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(A)<br>21 U.S.C. § 841(b)(1)(B)<br>21 U.S.C. § 846 |

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

### Introduction

1. Beginning in or around August of 2023, a drug trafficking organization ("DTO") known as the "Big Sip DTO" has operated a high-volume



fentanyl sales operation near the intersection of 36th Avenue North and North Penn Avenue in Minneapolis. LARRY MCGEE, who goes by the nicknames "Big Sip" and "Sip" due to his roots in the state of Mississippi, is the leader of the DTO and the organization was named after him.

2. The Big Sip DTO's operations contributed to crime and instability on North Penn Avenue and 36th Avenue North, an area which experienced a high volume of shootings, homicides, and drug use from August 2023 through June 2025.

3. The DTO designed its operation to efficiently sell fentanyl to as many customers as possible. The DTO sold from inside apartment buildings that were easily accessible from high-traffic streets and alleys. The DTO allowed buyers to walk into its apartments, where the DTO sellers weighed the fentanyl and exchanged it for cash.

4. The Big Sip DTO sold fentanyl out of at least five apartment buildings on and around North Penn Avenue, including the 3200 block and the 3600 block. The organization also sold fentanyl at the 3900 block of Washington Avenue and the 3400 block of James Avenue.

5. The Big Sip DTO gained customers through word-of-mouth. Some of these buyers were repeat customers, but many were unknown to the DTO members. The DTO stored scales, paraphernalia, and cash in the apartments

*United States v. Larry McGee, et al.*

that it controlled. The DTO packaged its fentanyl in user-sized amounts for efficient sale.

6.  The Big Sip DTO endangered existing tenants of the apartment buildings in which the DTO operated. Customers of the DTO often used fentanyl in and around the apartment buildings immediately after purchasing the product. This led to visible drug use and overdoses outside the apartments and in common areas.

7.  In addition, the Big Sip DTO members used firearms to protect their fentanyl sales operation. Some DTO members carried firearms while selling or stored firearms at their homes.

### Roles of the Big Sip DTO Members

8.  MCGEE and ROBBERSTAD are married to one another. They are the leaders of the Big Sip DTO and together managed its operations. MCGEE procured fentanyl, stored fentanyl and cash at his apartment, and directed the other members of the DTO. MCGEE and ROBBERSTAD jointly maintained an apartment for the DTO to use for fentanyl sales. ROBBERSTAD interacted with potential buyers, provided instructions to the other DTO members in person and via text message, and provided cars for use by the DTO members. Both MCGEE and ROBBERSTAD collected the cash proceeds of fentanyl sales from the other DTO members.

*United States v. Larry McGee, et al.*

9. MONTGOMERY, COLLINS, VANN, HEARD, NOLAN, and LUCIOUS sold fentanyl on behalf of the Big Sip DTO directly to users at the Big Sip DTO apartments.

10. MONTGOMERY held money from the Big Sip DTO fentanyl sales. MONTGOMERY transported money from the sellers to MCGEE.

11. MONTGOMERY, COLLINS, and VANN all possessed firearms to protect the DTO's fentanyl sales activities.

## COUNT 1
(Conspiracy to Distribute Fentanyl)

12. Beginning on or about August 30, 2023, and continuing through on or about June 2025, in the State and District of Minnesota and elsewhere, the defendants,

**LARRY MCGEE,**
**DANIELLE ROBBERSTAD,**
**MAURICE MONTGOMERY,**
**DAMEON COLLINS,**
**MARCUS LUCIOUS,**
**ROMELL VANN,**
**BOBBY NOLAN,**
**MARCUS HEARD,** and
**JEREMY LUCIOUS,**

did unlawfully, knowingly and intentionally conspire with each other, and with others known and unknown to the grand jury, to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propenamide ("Fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Quantities of Controlled Substances Involved in the Conspiracy

13.   With respect to defendants **LARRY MCGEE, DANIELLE ROBBERSTAD, MAURICE MONTGOMERY, DAMEON COLLINS, MARCUS LUCIOUS**, and **ROMELL VANN,** their conduct, which included the reasonably foreseeable conduct of other members of the conspiracy, involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly called "fentanyl"), a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

14.   With respect to defendants **MARCUS HEARD, BOBBY NOLAN,** and **JEREMY LUCIOUS,** their conduct, which included the reasonably foreseeable conduct of other members of the conspiracy, involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly called "fentanyl"), a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

*United States v. Larry McGee, et al.*

## COUNT 2
(Possession with Intent to Distribute Fentanyl)

15. On or about November 2, 2023, in the State and District of Minnesota, the defendants,

**LARRY MCGEE,** and
**DANIELLE ROBBERSTAD,**

each aiding and abetting the other, and aided and abetted by others known and unknown to the grand jury, did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 3
(Carrying a Firearm During and In Relation to Fentanyl Trafficking)

16. On or about July 17, 2024, in the State and District of Minnesota, the defendant,

**MAURICE MONTGOMERY,**

during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl, did knowingly carry a firearm, namely, a Taurus Model 605 Poly Protector .357 pistol bearing serial number H092569, in violation of Title 18, United States Code, Section 924(c)(1)(A).

6

*United States v. Larry McGee, et al.*

## COUNT 4
(Possession with Intent to Distribute Fentanyl)

17. On or about July 18, 2024, in the State and District of Minnesota, the defendants,

**DAMEON COLLINS,**

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 5
(Possession of a Firearm in Furtherance of Fentanyl Trafficking)

18. On or about July 18, 2024 in the State and District of Minnesota, the defendant,

**DAMEON COLLINS,**

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl, as set forth in Count 4 of this Indictment, did knowingly possess a firearm, namely, an ET Arms Omega Model P-1 AR-15 Pistol bearing serial number EP400140, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 6
(Possession of a Firearm in Furtherance of Fentanyl Trafficking)

19. On or about July 23, 2024, in the State and District of Minnesota, the defendant,

*United States v. Larry McGee, et al.*

**ROMELL VANN,**

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl, did knowingly possess a firearm, namely, a Girsan Model Regard MC 9mm Pistol bearing serial number T6368-20A05647, in violation of Title 18, United States Code, Section 924(c)(1)(A).

**COUNT 7**
(Felon in Possession of a Firearm)

20.   On or about July 23, 2024, in the State and District of Minnesota, the defendant,

**ROMELL VANN,**

having previously been convicted of the following crime, punishable by imprisonment for a term exceeding one year:

| Conviction | Location | Date of Conviction |
|---|---|---|
| Unlawful Possession of a Firearm | Ramsey County | April 13, 2023 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Girsan Model Regard MC 9mm Pistol bearing serial number T6368-20A05647, in violation of Title 18, United States Code, Sections 922(g)(1), and 924(a)(8).

*United States v. Larry McGee, et al.*

## COUNT 8
(Possession with Intent to Distribute Fentanyl)

21. On or about October 22, 2024, in the State and District of Minnesota, the defendant,

**MAURICE MONTGOMERY,**

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 9
(Carrying a Firearm During and In Relation to Fentanyl Trafficking)

22. On or about October 22, 2024, in the State and District of Minnesota, the defendant,

**MAURICE MONTGOMERY,**

during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl, as set forth in Count 8 of this Indictment, did knowingly carry a firearm, namely, a Smith & Wesson Model M&P Bodyguard 2.0 .380 caliber pistol bearing serial number EHP2313, in violation of Title 18, United States Code, Section 924(c)(1)(A).

9

*United States v. Larry McGee, et al.*

## COUNT 10
(Felon in Possession of a Firearm)

23. On or about October 22, 2024 in the State and District of Minnesota, the defendant,

**MAURICE MONTGOMERY,**

having previously been convicted of the following crime, punishable by imprisonment for a term exceeding one year:

| Conviction | Location | Date of Conviction |
| --- | --- | --- |
| Possession of Narcotics – 3rd Degree | Hennepin County | October 8, 2024 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Smith & Wesson Model M&P Bodyguard 2.0 .380 caliber pistol bearing serial number EHP2313, violation of Title 18, United States Code, Section 922(g)(1), and 924(a)(8).

## COUNT 11
(Possession with Intent to Distribute Fentanyl)

24. On or about November 13, 2024, in the State and District of Minnesota, the defendant,

**MARCUS LUCIOUS,**

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

10

*United States v. Larry McGee, et al.*

phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 12
(Possession with Intent to Distribute Fentanyl)

25. On or about April 2, 2025, in the State and District of Minnesota, the defendant,

**BOBBY NOLAN,**

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 13
(Distribution of Fentanyl)

26. On or about April 29, 2025, in the State and District of Minnesota, the defendants,

**BOBBY NOLAN,** and
**MARCUS HEARD,**

each aiding and abetting the other, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

*United States v. Larry McGee, et al.*

## COUNT 14
(Distribution of Fentanyl)

27.     On or about May 7, 2025, in the State and District of Minnesota, the defendant,

**JEREMY LUCIOUS,**

did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 15
(Distribution of Fentanyl)

28.     On or about June 11, 2025, in the State and District of Minnesota, the defendant,

**BOBBY NOLAN,**

did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATIONS

Count 1 of this Indictment is hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853(a)(1) and (2), Title 18, United

States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

If convicted of Counts 1, 2, 4, 8, and 11-15 of the Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

As a result of the offenses alleged in Counts 3, 5, 6, 7, 9 and 10 of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms, ammunition, and accessories involved in, or used in the commission of Counts 3, 5, 6, 7, 9, and 10.

*United States v. Larry McGee, et al.*

A TRUE BILL

_____    _____
ACTING UNITED STATES ATTORNEY        FOREPERSON