# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>(1) LARRY MCGEE,<br>　　a.k.a. "Sip,"<br>　　a.k.a. "Big Sip,"<br>(2) DANIELLE ROBBERSTAD,<br>　　a.k.a. "Eastside Girl,"<br>(3) MARUICE MONTGOMERY,<br>　　a.k.a. "Fish,"<br>(4) DAMEON COLLINS,<br>　　a.k.a. "OT,"<br>(5) MARCUS LUCIOUS,<br>　　a.k.a. "Unc,"<br>　　a.k.a. "Casanova,"<br>(6) ROMELLE VANN,<br>　　a.k.a. "No-Kap,"<br>(7) BOBBY NOLAN,<br>　　a.k.a. "Fresh,"<br>(8) MARCUS HEARD,<br>　　a.k.a. "Greedy"<br>(9) JEREMY LUCIOUS,<br>　　a.k.a. "JB,"<br>(10) ▓▓▓▓▓▓▓▓▓▓<br><br>　　　　　Defendants. | CASE NO. 25-CR-251 (KMM/SGE)<br><br>**UNDER SEAL**<br><br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 922(a)(8)<br>18 U.S.C. § 924(c)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(A)<br>21 U.S.C. § 841(b)(1)(B)<br>21 U.S.C. § 846 |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

SCANNED
SEP 0 8 2025
U.S. DISTRICT COURT MPLS

*United States v. Larry McGee, et al.*                                      25-cr-251 (KMM/SGE)

## Introduction

1.      Beginning in or around August of 2023, a drug trafficking organization ("DTO") known as the "Big Sip DTO" has operated a high-volume fentanyl sales operation near the intersection of 36th Avenue North and North Penn Avenue in Minneapolis. LARRY McGEE, who goes by the nicknames "Big Sip" and "Sip" due to his roots in the state of Mississippi, was the leader of the DTO and the organization was named after him.

2.      The Big Sip DTO's operations contributed to crime and instability on North Penn Avenue and 36th Avenue North, an area which experienced a high volume of shootings, homicides, and drug use from August 2023 through June 2025.

3.      The DTO designed its operation to efficiently sell fentanyl to as many customers as possible. The DTO sold from inside apartment buildings that were easily accessible from high-traffic streets and alleys. The DTO allowed buyers to walk into its apartments, where the DTO sellers weighed the fentanyl and exchanged it for cash.

4.      The Big Sip DTO sold fentanyl out of at least five apartment buildings on and around North Penn Avenue, including the 3200 block and the 3600 block. The organization also sold fentanyl at the 3900 block of Washington Avenue and the 3400 block of James Avenue.

2

*United States v. Larry McGee, et al.*                                   25-cr-251 (KMM/SGE)

5.      The Big Sip DTO gained customers through word-of-mouth. Some of these buyers were repeat customers, but many were unknown to the DTO members. The DTO stored scales, paraphernalia, and cash in the apartments that it controlled. The DTO packaged its fentanyl in user-sized amounts for efficient sale.

6.      The Big Sip DTO endangered existing tenants of the apartment buildings in which the DTO operated. Customers of the DTO often used fentanyl in and around the apartment buildings immediately after purchasing the product. This led to visible drug use and overdoses outside the apartments and in common areas.

7.      In addition, the Big Sip DTO members used firearms to protect their fentanyl sales operation. Some DTO members carried firearms while selling or stored firearms at their homes.

### Roles of the Big Sip DTO Members

8.      McGEE and DANIELLE ROBBERSTAD are married to one another. They were the leaders of the Big Sip DTO and together managed its operations. McGEE procured fentanyl, stored fentanyl and cash at his apartment, and directed the other members of the DTO. McGEE and ROBBERSTAD jointly maintained an apartment for the DTO to use for fentanyl sales. ROBBERSTAD interacted with potential buyers, provided instructions to the other DTO members in person and via text message, and

*United States v. Larry McGee, et al.*                    25-cr-251 (KMM/SGE)

provided cars for use by the DTO members.  Both McGEE and ROBBERSTAD collected the cash proceeds of fentanyl sales from the other DTO members.

9.    MARUICE MONTGOMERY, DAMEON COLLINS, MARCUS LUCIOUS, ROMELLE VANN, BOBBY NOLAN, and MARCUS HEARD sold fentanyl on behalf of the Big Sip DTO directly to users at the Big Sip DTO apartments.

10.    MONTGOMERY held money from the Big Sip DTO fentanyl sales. MONTGOMERY transported money from the sellers to McGEE.

11.    MONTGOMERY, COLLINS, and VANN all possessed firearms to protect the DTO's fentanyl sales activities.

### The Establishment of an Off-Shoot Conspiracy

12.    In or about December of 2024, McGEE began serving a state term of imprisonment.  Exploiting an opportunity to increase their profit and position, NOLAN and HEARD began to traffic fentanyl and other controlled substances in the same area of Minneapolis described above but independently of the Big Sip DTO.  As part of this off-shoot conspiracy, BOBBY NOLAN, MARCUS HEARD, JEREMY LUCIOUS and ████████████ sold fentanyl directly to users at the above-mentioned apartment at the 3200 block of N. Penn Ave.

4

*United States v. Larry McGee, et al.*                                    25-cr-251 (KMM/SGE)

## COUNT 1
(Conspiracy to Distribute Fentanyl)

13.     Beginning on or about June 30, 2023, and continuing through in or about July 2025, in the State and District of Minnesota and elsewhere, the defendants,

**LARRY McGEE,
DANIELLE ROBBERSTAD,
MARUICE MONTGOMERY,
DAMEON COLLINS,
MARCUS LUCIOUS,
ROMELLE VANN,
BOBBY NOLAN,
MARCUS HEARD,
JEREMY LUCIOUS,** and

did unlawfully, knowingly and intentionally conspire with each other, and with others known and unknown to the grand jury, to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), a controlled substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Quantities of Controlled Substances Involved in the Conspiracy

14.     With respect to defendants **LARRY McGEE**, **DANIELLE ROBBERSTAD, MARUICE MONTGOMERY, DAMEON COLLINS,** and **MARCUS LUCIOUS**, their conduct, which included the reasonably foreseeable conduct of other members of the conspiracy, involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-

5

N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly called "fentanyl"),

a controlled substance; all in violation of Title 21, United States Code, Section

841(b)(1)(A).

15.    With respect to defendants **ROMELLE VANN, MARCUS**

**HEARD, BOBBY NOLAN, JEREMY LUCIOUS,** and ▮▮▮▮▮▮▮▮▮▮,

**JR.,** their conduct, which included the reasonably foreseeable conduct of other

members of the conspiracy, involved 40 grams or more of a mixture and

substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propanamide (commonly called "fentanyl"), a controlled substance;

all in violation of Title 21, United States Code, Section 841(b)(1)(B).

### COUNT 2
(Conspiracy to Distribute Fentanyl)

16.    Beginning in or about January 2025, and continuing through in or

about July 2025, in the State and District of Minnesota and elsewhere, the

defendants,

**BOBBY NOLAN,**
**MARCUS HEARD,**
**JEREMY LUCIOUS,** and
▮▮▮▮▮▮▮▮▮▮▮▮

did unlawfully, knowingly and intentionally conspire with each other, and with

others known and unknown to the grand jury, to distribute 40 grams or more

of a mixture and substance containing a detectable amount of N-phenyl-N-[1-

(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), a controlled substance; all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

## COUNT 3
(Possession with Intent to Distribute Fentanyl)

17.    On or about November 2, 2023, in the State and District of Minnesota, the defendants,

**LARRY McGEE,
DANIELLE ROBBERSTAD,**

each aiding and abetting the other, and aided and abetted by others known and unknown to the grand jury, did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"); all in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 4
(Carrying a Firearm During and In Relation to Fentanyl Trafficking)

18.    On or about July 17, 2024, in the State and District of Minnesota, the defendant,

**MARUICE MONTGOMERY,**

7

*United States v. Larry McGee, et al.*                                    25-cr-251 (KMM/SGE)

during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl, did knowingly carry a firearm, namely, a Taurus Model 605 Poly Protector .357 pistol bearing serial number H092569, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 5
### (Possession with Intent to Distribute Fentanyl)

19.     On or about July 18, 2024, in the State and District of Minnesota, the defendants,

## DAMEON COLLINS,

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"); all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 6
### (Possession of a Firearm in Furtherance of Drug Trafficking)

20.     On or about July 18, 2024, in the State and District of Minnesota, the defendant,

## DAMEON COLLINS,
### a.k.a. "OT,"

8

*United States v. Larry McGee, et al.*                                    25-cr-251 (KMM/SGE)

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl, as set forth in Count 5 of this Superseding Indictment, did knowingly possess a firearm, namely, an ET Arms Omega Model P-1 AR-15 Pistol bearing serial number EP400140; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

### COUNT 7
(Carrying a Firearm During and In Relation to Fentanyl Trafficking)

21.    On or about July 23, 2024, in the State and District of Minnesota, the defendant,

**ROMELLE VANN,**

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl, did knowingly possess a firearm, namely, a Girsan Model Regard MC 9mm Pistol bearing serial number T6368-20A05647; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

### COUNT 8
(Felon in Possession of a Firearm)

22.    On or about July 23, 2024, in the State and District of Minnesota, the defendant,

**ROMELLE VANN,**

having previously been convicted of the following crime punishable by imprisonment for a term exceeding one year:

| Conviction | Location | Date of Conviction |
|---|---|---|
| Unlawful Possession of a Firearm | Ramsey County | April 13, 2023 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Girsan Model Regard MC 9mm Pistol bearing serial number T6368-20A05647; all in violation of Title 18, United States Code, Sections 922(g)(1), and 924(a)(8).

## COUNT 9
(Possession with Intent to Distribute Fentanyl)

23.    On or about October 22, 2024, in the State and District of Minnesota, the defendant,

## MARUICE MONTGOMERY,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"); all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 10
(Carrying a Firearm During and In Relation to Fentanyl Trafficking)

24.    On or about October 22, 2024, in the State and District of Minnesota, the defendant,

## MARUICE MONTGOMERY,

10

during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute fentanyl, as set forth in Count 10 of this Superseding Indictment, did knowingly carry a firearm, namely, a Smith & Wesson Model M&P Bodyguard 2.0 .380 caliber pistol bearing serial number EHP2313; all in violation of Title 18, United States Code, Section 924(c)(1)(A).

### COUNT 11
(Felon in Possession of a Firearm)

25.    On or about October 22, 2024, in the State and District of Minnesota, the defendant,

### MARUICE MONTGOMERY,

having previously been convicted of the following crime punishable by imprisonment for a term exceeding one year:

| Conviction | Location | Date of Conviction |
|---|---|---|
| Possession of Narcotics – 3rd Degree | Hennepin County | October 8, 2024 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Smith & Wesson Model M&P Bodyguard 2.0 .380 caliber pistol bearing serial number EHP2313; all in violation of Title 18, United States Code, Section 922(g)(1), and 924(a)(8).

11

### COUNT 12
(Possession with Intent to Distribute Fentanyl)

26.    On or about November 13, 2024, in the State and District of Minnesota, the defendant,

### MARCUS LUCIOUS,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"); all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 13
(Possession with Intent to Distribute Fentanyl)

27.    On or about April 2, 2025, in the State and District of Minnesota, the defendant,

### BOBBY NOLAN,

did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"); all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

### COUNT 14
(Distribution of Fentanyl)

28.    On or about April 29, 2025, in the State and District of Minnesota, the defendants,

**BOBBY NOLAN,** and
**MARCUS HEARD,**

each aiding and abetting the other, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"); all in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT 15**
(Distribution of Fentanyl)

29.     On or about May 7, 2025, in the State and District of Minnesota, the defendants,

**JEREMY LUCIOUS,** and
█████████████████

each aiding and abetting the other, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"), in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT 16**
(Distribution of Fentanyl)

30.     On or about June 11, 2025, in the State and District of Minnesota, the defendant,

**BOBBY NOLAN,** and

13

**JEREMY LUCIOUS,**

each aiding and abetting the other, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly called "fentanyl"); all in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 17

## FORFEITURE ALLEGATIONS

Count 1 of this Indictment is hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853(a)(1) and (2), Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

14

*United States v. Larry McGee, et al.*                                                 25-cr-251 (KMM/SGE)

If convicted of Counts 1-3, 9, and 12-17 of the Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

As a result of the offenses alleged in Counts 4, 5-7, 10, and 11 of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms, ammunition, and accessories involved in, or used in the commission of Counts 3, 5, 6, 7, 9, and 10.

A TRUE BILL

_____    _____
ACTING UNITED STATES ATTORNEY              FOREPERSON