**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
Criminal No. 25-00251(3) (KMM/SGE)

United States of America,

Plaintiff,

v.

Maruice Montgomery,

Defendant.

**MOTION TO SUPPRESS EVIDENCE OBTAINED FROM EXECUTION OF SEARCH WARRANT FOR CELL PHONE CONTENTS**

---

The defendant, Maruice Montgomery, by and through his attorney, Maggie Langert, respectfully moves this Court, pursuant to the Federal Rules of Criminal Procedure, to suppress all evidence derived from an unlawful search and prolonged seizure of a cell phone.

Following Mr. Montgomery's arrest on October 22, 2024, a red iPhone, Item MP 300587-1, was seized from his person. A state search warrant application dated October 24, 2024, was granted on October 24, 2024. The warrant was executed 110 days later, on February 11, 2025, when the contents of the iPhone were extracted.

A. The search warrant is invalid because the application contains insufficient probable cause for the following reasons:

1. The application states on page 4 that Mr. Montgomery "has been identified as a male who distributes narcotics for Larry McGee." This information lacks reliability and credibility. There is no foundation given for how Mr. Montgomery was so identified. The court has no basis upon which to judge this statement reliable or credible. It is not possible to assess this assertion under a totality of the circumstances. *See Illinois v. Gates*, 462 U.S. 213 (1983).

2. The application contains false statements. *Franks v. Delaware*, 438 U.S. 154, 156 (1978) (a search warrant may be invalid where the affidavit includes "a false statement knowingly and intentionally, or with reckless disregard for the truth").

   a. On page 4, the application states Mr. Montgomery goes by the street name "Fresh," but it is Co-Defendant Bobby Nolan who goes by this street name.

   b. On page 2, the application states the iPhone was obtained "pursuant to a narcotics and weapons arrest." This is false. Mr. Montgomery was arrested for carrying a pistol without a permit. Narcotics were not found on his person. Later, at the jail, narcotics were found in a restroom after Mr. Montgomery used the facility, and the drugs were attributed to him under the theory of constructive possession.

   c. On page 4, the application states Mr. Montgomery was arrested 10/22/2024 "during a traffic stop for narcotics and weapons." This is false. See paragraph b above.

   d. On page 4, the application states Mr. Montgomery was "in possession of 29 grams of fentanyl, small amount of crack cocaine and powder cocaine." This is false. See paragraph b above.

B. The delay of 110 days in executing the search warrant for the red iPhone constitutes an illegal seizure because the length of delay was unreasonable in violation of Mr. Montgomery's Fourth Amendment right.

This motion is based upon the superseding indictment, all the records and files in the above-captioned action, and all other evidence that may be presented prior to or at the time of the hearing on this motion.

Respectfully submitted,

Dated: March 23, 2026

By: */s/ Margaret G. Langert*
Margaret G. Langert (f/k/a Samec)
MN A.R.N. 308316
CJA Attorney for Defendant
Langert Law, LLC
724 Bielenberg Drive #54
Woodbury, MN 55125
(612) 470-4810
maggie@langertlaw.com